### WINTERS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1906.)

#### No. 1,336.

INDIANS — LANDS — RESERVATION — APPROPRIATION OF WATER FROM PUBLIC STREAM—CONSTRUCTION OF INDIAN TREATY.

The Indian treaty of May 1, 1888 (chapter 213, 25 Stat. 124) by which the Ft. Belknap Reservation in Montana was reduced in size, and "the middle of the main channel" of Milk river made its northern boundary, by implication reserved to the Indians the right to a portion of the waters of such river for irrigating purposes, which right is paramount to that of persons subsequently taking desert land claims on the public lands adjacent to the river.

Appeal from the Circuit Court of the United States for the District of Montana.

E. C. Day, James A. Walsh, Carpenter, Day & Carpenter, and Walsh & Newman, for appellants.

Carl Rasch, for appellee.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

GILBERT, Circuit Judge. This is the second appeal in this case. The former appeal was taken from an interlocutory order granting a preliminary injunction pendente lite enjoining the appellants from using or in any manner interfering with the use by the government of the United States or the Indians, upon the Ft. Belknap Indian Reservation, of 5,000 inches of the waters of Milk river and its tributaries in the district of Montana. Winters v. United States (C. C. A.) 143 Fed. 740. The present appeal is taken from the final decree entered in said cause upon the bill and answer making the preliminary injunction perpetual. It is admitted that the answer sets forth the same facts that were presented in the affidavits on which the preliminary injunction was granted. We have carefully considered the record, and we find that the questions here presented are precisely the questions which were discussed and determined upon the former appeal, and that the record brings to our attention no new issues or questions. The appellants cite a case not considered on the former appeal (United States v. Choctaw Nation, 179 U. S. 494, 21 Sup. Ct. 149, 45 L. Ed. 291), and earnestly insist that under the principles there announced the treaty which is involved in the present case should be construed in accordance with their contention. In that case the court construed the following provision of a treaty with Indians:

"The Choctaws and Chickasaws, in consideration of the sum of $300,000.00 hereby cede to the United States the territory west of the ninety-eighth degree of west longitude known as the Leased District."

The contention was that the lands were conveyed in trust, but the court held that the treaty made an absolute, unconditional cession to the United States, and in the course of the opinion used the following language, which is relied upon by the appellants herein:

"It has never been held that the obvious palpable meaning of the words of an Indian treaty may be disregarded because in the opinion of the court that meaning may, in a particular transaction, work what it would regard as injustice to the Indians."

And the court said in substance that if the words of the treaty reasonably interpreted import beyond any question an absolute unconditional cession of lands, free from any trust, the court had not the power to amend the treaty "merely because one party to it held the relation of an inferior and was politically dependent upon the other, or because in the judgment of the court the Indians may have been overreached." We think, upon a careful consideration of the authority so cited, that it not only does not conflict with the construction which we have placed upon the treaty with the Indians of the Ft. Belknap Reservation, but that it is in entire harmony therewith. It affirms the doctrine that the intent of the parties to an Indian treaty should be ascertained by apply-

ing the established rules for the interpretation of treaties, and that those rules permit the relation between the Indians and the United States to be taken into consideration. Our former decision does not disregard "the obvious palpable meaning of the words of an Indian treaty," nor does it incorporate therein something which is inconsistent with the clear import of its words. It construes and gives effect to what we understand to be the obvious meaning and intent of the treaty, and holds that by the expressed terms of that treaty there was reserved to the Indians the waters of Milk river as a part and parcel of the reservation set apart to them. We find no ground to question the correctness of our former decision.

The decree of the Circuit Court is affirmed.